LOEB & LOEB LLP
CHRISTIAN D. CARBONE (New York Bar No. 2825560)
ccarbone@loeb.com
ARTHUR FELS (SBN 294802)
afels@loeb.com
Two Embarcadero Center, Suite 2320
San Francisco, CA 94111
Telephone: 415.903.3200
Facsimile: 415.903.3201

Attorney for Plaintiff
ANDREW WEINSTEIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREW WEINSTEIN,<br><br>                    Plaintiff,<br>         v.<br><br>KATAPULT GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 4:21-cv-05175-PJH<br><br>Hon. Phyllis J. Hamilton<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED WITH DEFENDANT'S REPLY IN SUPPORT OF ITS (1) MOTION TO COMPEL ARBITRATION AND DISMISS, OR ALTERNATIVELY STAY, PROCEEDINGS, AND (2) REQUEST FOR JUDICIAL NOTICE**<br><br>Date:            October 7, 2021<br>Time:           1:30 p.m.<br>Dept.:          Courtroom 3 – 3rd Floor<br>                   Ronald V. Dellums Federal<br>                   Building & U.S. Courthouse<br><br>Complaint:  April 12, 2021<br>Removal:    July 6, 2021<br>Trial:            Not Set |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21148995
233203-10002

PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED BY KATAPULT
FOR THE FIRST TIME ON REPLY

Plaintiff Andrew Weinstein objects to the following evidence submitted with defendant Katapult Group, Inc.'s Reply in support of its Motion to Compel Arbitration and Dismiss, or Alternatively Stay, Proceedings and Request for Judicial Notice:

- Declaration of Derek Medlin, ¶ 3: "I understand that the Plaintiff in this matter, Andrew Weinstein, has challenged the authenticity of the 2014 Stock Option Plan ('the Stock Option Plan'). For purposes of authenticating the Stock Option Plan, I can state unequivocally that the version of the Stock Option Plan that was submitted in connection with Katapult's July 21, 2021 Request for Judicial notice is a true and correct copy of the applicable Stock Option Plan."
- Declaration of Derek Medlin, ¶ 6: "The Stock Option Plan is the also same document referenced, and incorporated into, paragraph I.1 of the Advisor Agreement."

Weinstein opposed Katapult's Request for Judicial Notice, in part, because Katapult offered no evidence to support its assumption that the "2014 Stock Incentive Plan" it presented to the Court as the "Stock Option Plan" is the document referred to by that title in the parties' July 2015 Advisor Agreement. Katapult has attempted to remedy this error on reply by presenting testimony of its current Chief Operating Officer, Derek Medlin, claiming the two documents are, "unequivocally," one in the same. Mr. Medlin's testimony is objectionable because it is not based on personal knowledge. Moreover, the evidence available to Weinstein suggests it is factually incorrect.

Mr. Medlin does not allege he was affiliated with Katapult or its predecessor, Cognical, Inc. when that entity entered into the Advisor Agreement with Weinstein in 2015. Therefore, Mr. Medlin's claim that the 2014 Stock Incentive Plan attached to his declaration is the Stock Option Plan referenced in the Advisor Agreement is not based on personal knowledge and is inadmissible for that reason. Fed R. Evid. 901(b)(1) (a document may be authenticated by the "Testimony of a Witness with Knowledge"); Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to

2

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21148995
233203-10002

PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED BY KATAPULT
FOR THE FIRST TIME ON REPLY

support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.")

Weinstein's objection is simply that Mr. Medlin offers no foundation for his further assumption that this document presented is the same document referred to by a different name in the Advisor Agreement.

Like in its Motion to Compel Arbitration, Mr. Medlin conceals this discrepancy by referring repeatedly to the 2014 Stock Incentive Plan as the "Stock Option Plan" in his declaration. This error is not academic or technical. **Exhibit "A"** to Mr. Medlin's Declaration, which includes the 2014 Stock Incentive Plan as its own "Exhibit L," also includes references on page 3 to a "Stock Restriction Agreement" and a "Stock Option Agreement." These documents were apparently attached as "Exhibit[s] G-1" and "G-2" to **Exhibit "A,"** but they are omitted without explanation from the version Mr. Medlin attaches to his declaration. The missing documents, or similar materials specifically pertaining to Weinstein, but not referenced in **Exhibit "A,"** are equally plausible candidates for the "Stock Option Plan" in the Advisor Agreement if such a document even exists. Katapult cannot preclude this possibility using incomplete exhibits authenticated by a company representative with no personal knowledge of the Advisor Agreement.[1]

To the extent Mr. Medlin's claim that the 2014 Stock Incentive Plan and the Stock Option plan are the same document is based on information Mr. Medlin learned from someone else at Katapult, his recitation is inadmissible as hearsay. Fed. R. Evid. 801(c) (defining hearsay evidence as statements "the declarant does not make while testifying at the current trial or hearing" and "offer[ed] to prove the truth of the matter asserted in the statement.") The business records exception set out in Fed. R. Evid. 803(6) would not, of

---

[1] Weinstein was surprised Katapult did not ask Brandon Wright, the CEO of Cogncial, Inc. in July 2015, whether the 2014 Stock Incentive Plan advanced by Katapult is the Stock Option Plan referenced in the Advisor Agreement. Mr. Wright signed the Advisor Agreement on behalf of Cognical and is presumably more familiar with its terms than Mr. Medlin. Although Mr. Wright no longer works for Katapult, he is easily reachable and has been responsive to Weinstein's pre-litigation communications regarding this matter.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21148995
233203-10002

3
PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED BY KATAPULT
FOR THE FIRST TIME ON REPLY

course, apply to information not part of **Exhibit "A,"** including that the 2014 Stock Incentive Plan was the incorporated into the Advisor Agreement created over a year later.

Dated:  August 24, 2021                    LOEB & LOEB LLP
                                            CHRISTIAN D. CARBONE
                                            ARTHUR FELS


                                            _____
                                            Arthur Fels
                                            Attorneys for Plaintiff
                                            ANDREW WEINSTEIN

4

21148995
233203-10002

PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED BY KATAPULT FOR THE FIRST TIME ON REPLY

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations