UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW WEINSTEIN,

    Plaintiff,

    v.

KATAPULT GROUP, INC.,

    Defendant.

Case No. 21-cv-05175-PJH

**ORDER RE: DISCOVERY**

Re: Dkt. No. 54

Before the court is a discovery letter brief detailing the parties' contentions regarding certain of plaintiff's requests for production ("RFPs"). The letter brief focuses on five categories of plaintiff's RFPs for which defendant has not produced all materials to plaintiff's satisfaction:

1. RFP No. 9: Documents relating to defendant's ability to raise capital and financing;
2. RFP Nos. 12 and 21: Defendant's capitalization tables; and RFP No. 13: Documents relating to the value of options;
3. RFP No. 15: Documents relating to board minutes, votes, or resolutions that refer or relate to options;
4. RFP Nos. 19 and 20: Documents relating to the provision of defendant's stock option plan(s) and/or and form stock option agreement(s) from June 1, 2013 to December 31, 2015; and
5. RFP Nos. 22-24: Documents relating to the grant, exercise, or expiration, termination, or forfeiture of options from June 1, 2013 to present.

Though the parties group the RFPs in #2 as a single dispute, the court discusses them separately. They are all discussed in turn below.

## A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance for purposes of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id. The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

## B. The Disputed RFPs

### 1. RFP No. 9: Documents relating to Defendant's ability to raise capital and financing

Plaintiff reasons that an element of his quantum meruit claim is proof of the value of his services. His role centered on raising capital for the company, so the value of his services is necessarily based on the company's ability to raise capital without him, prior to execution of the Advisor Agreement. Defendant argues that the value of plaintiff's services in a quantum meruit assessment is based on the actual agreement by the parties, rendering the company's history of raising capital irrelevant.

Both parties cite to Evans-Freke v. Showcase Contracting Corp., 85 A.D.3d 961, 963 (2011), in which the Appellate Division reversed the trial court's analysis of the actual-cost-of-labor of a consultant seeking recovery in quantum meruit. The parties' agreement set an hourly rate by which damages could readily be assessed, obviating the need to engage in the actual-cost-of-labor assessment. Id. at 963.

Here, in contrast to Evans-Freke, the Advisor Agreement does not provide an easy

calculation of actual-cost-of-labor. Plaintiff's compensation was based on the combination of quarterly cash payments of $15,000 and the stock option award. Therefore, to proceed with the quantum meruit claim, plaintiff must be afforded the opportunity to determine the fair and reasonable value of the services rendered. The court therefore OVERRULES defendant's objection as to relevance and permits discovery into defendant's prior fundraising.

### 2. RFP Nos. 12 and 21: Defendant's capitalization tables

With RFPs 12 and 21, plaintiff seeks production of defendant's capitalization tables. Plaintiff contends that such tables are relevant to determining the value of plaintiff's services, how defendant valued the services of others, defendant's performance of contractual obligations, and the identification of potential witnesses. Defendant objects to these requests (1) as irrelevant to the valuation of plaintiff's services and (2) because the tables include the personal financial information of nonparties. Plaintiff counters that defendant's attempt to protect the material based on private information fails to make the particularized showing necessary to redact non-privileged material.

Here, defendant's objection as to relevance is well-taken. Plaintiff's claims are not premised on the company's adherence to stock option agreements with other parties, they are solely focused on those described in the Advisor Agreement and plaintiff's related services. The capitalization tables do not aid in assessing whether the stock option award is owed to plaintiff. Defendant's objection is SUSTAINED, and plaintiff's request for these materials is denied.

### 3. RFP No. 13: Documents relating to the value of options

With RFP 13, plaintiff seeks documents related to the value of stock options. Plaintiff argues that the materials sought are relatively broad in scope because he alleges numerous breaches and the damages calculation is different at each distinct stage of the parties' interaction. Defendant disagrees, viewing the case as involving a single breach and arguing that the only relevant values of stock options are those at the time of the alleged breach. The damages assessment is thereafter based on defendant's public

stock price, obviating the need for this discovery.  Defendant cites Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 262 (2d Cir. 2002), for the premise that contract damages for non-delivery of shares of stock are measured at the date of the breach.

Here, defendant's argument prevails.  The only measure of damages available for the denial of stock options is based on the publicly-available value of stock.  The court SUSTAINS defendant's objection, and plaintiff's request for these materials is denied.

**4.     RFP No. 15: Documents relating to board minutes, votes, or resolutions that refer or relate to options**

With RFP 15, plaintiff seeks documents related to board minutes, votes, or resolutions that refer or relate to stock options, including those that demonstrate defendant's practice in granting option awards to others.  Plaintiff argues that the materials demonstrating industry practice are relevant to fill in missing terms in the Advisor Agreement and are thus relevant to the claim for breach of contract.

Defendant argues that plaintiff's request for board minutes and other materials is overly broad as it would require divulging personal financial information of third parties.  Defendant proposes instead providing the relevant board minutes and materials from a narrower period, from November 1, 2014, to July 31, 2017, because those are the materials that concern plaintiff's options.  Further, plaintiff's other discovery requests reach the same materials that concern plaintiff's options.  Defendant argues, "Katapult's 'practices' and any 'changes in such practices' do not inform the interpretation of the terms of the Advisor Agreement to which Plaintiff was subject to." Dkt. 54 at 4 (citing World Wrestling Fed'n Ent., Inc. v. William Morris Agency, Inc., 204 F.R.D. 263, 265 (S.D.N.Y. 2001) ("Ordinarily, what is relevant in a breach of contract claim is the transaction between the parties to the contract. Ordinarily, contractual agreements between one of the contracting parties and third parties is irrelevant.").

Defendant has the better argument.  Plaintiff need not review the stock option awards of other parties to establish his entitlement to the stock option award based on the services he provided.  The scope of defendant's proffered production, including board

4

minutes and materials related to stock options from November 1, 2014, to July 31, 2017, as well as all plaintiff-specific materials from 2014 to present, is sufficient for plaintiff to get started in determining damages.  The court thus SUSTAINS defendant's objection based on relevance and denies plaintiff's request for additional materials for now.

5. **RFP Nos. 19 and 20: Documents relating to the provision of Defendant's stock option plan(s) and/or and form stock option agreement(s) from June 1, 2013, to December 31, 2015**

With RFPs 19 and 20, plaintiff seeks production of materials related to defendant's provision of stock option plans and agreements to other parties.  Defendant clarifies that it will provide all form stock option plans and agreements in response to RFPs 17 and 18.  However, defendant objects to providing the agreements it held with third parties because (1) it would unnecessarily disclose their personal financial information and (2) agreements with other parties are irrelevant for consideration of this Advisor Agreement.  See World Wrestling Fed'n Ent., Inc., 204 F.R.D. at 265.

Defendant has the better argument here as well.  The form stock option plans and agreements are clearly relevant to the dispute given the Advisor Agreement's specific incorporation of them.  However, agreements with third parties are not relevant to the instant dispute.  Defendant's objection is SUSTAINED, and plaintiff's request for these additional materials is denied.

6. **RFP Nos. 22-24: Documents relating to the grant, exercise, or expiration, termination, or forfeiture of options from June 1, 2013, to present**

As with some of the requests above, plaintiff seeks through RFPs 22-24 materials related to all grants, exercises, terminations, or other conduct with options during the time period.  Plaintiff argues that these materials are relevant to whether defendant performed its contractual obligations, including whether defendant treated plaintiff differently than similarly situated grantees, and identification of potential witnesses.  Defendant again counters that it has stated its willingness to provide materials related to plaintiff's options,

1 but its conduct related to the options awarded to others is irrelevant for assessment of the
2 breach of the Advisor Agreement.
3     Here too, defendant has the better argument.  Plaintiff's attempt to identify other
4 stock option awardees is irrelevant to assessment of plaintiff's entitlement to damages.
5 The court SUSTAINS defendant's objection as to relevance and denies plaintiff's
6 overbroad request for documents.
7 **IT IS SO ORDERED.**
8 Dated: April 15, 2022

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge