UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW WEINSTEIN,

    Plaintiff,

    v.

KATAPULT GROUP, INC.,

    Defendant.

Case No. 21-cv-05175-PJH

**ORDER RE DISCOVERY DISPUTES**

Re: Dkt. Nos. 68, 69

    There are two joint letter briefs before the court describing outstanding discovery disputes. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

    This is a contract dispute. A former finance consultant alleges, among other charges, that he was wrongfully denied stock options owed as part of his compensation. The remaining claims in the operative complaint include (1) breach of contract for failure to fulfill quarterly $15,000 payments; (2) declaratory relief; and (3) quantum meruit. Dkt. 57. The parties now approach the close of fact discovery. See Dkt. 67.

    The first discovery letter brief at issue (Dkt. 68) comes primarily from defendant and focuses on five disputes related to plaintiff's discovery responses, primarily the production of documents. The second discovery letter brief at issue (Dkt. 69) comes primarily from plaintiff and focuses on three disputes related to defendant's discovery responses, primarily the scope of defendant's search for and production of documents. They are all discussed below.

# DISCUSSION

## A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance for purposes of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id. The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

## B. Discovery Disputes

At base, the disputes presented in these two letter briefs come down to the appropriate scope of electronic searches and production. Plaintiff argues that defendant's search for responsive materials was too limited, and defendant argues nearly the exact same about plaintiff's search for responsive materials.

### 1. Defendant's RFP No. 21: Documents related to any other person's options in Katapult

Defendant seeks "All Documents and Communications Related to the receipt, exercise, or termination of any other person's options in Katapult." Plaintiff objects on several grounds, including that defendant already possesses the materials it seeks and relevance. Further, plaintiff argues that defendant is estopped from its current argument on the basis that it in the April 6, 2022, letter brief, it argued that plaintiff's request for the materials of other stock optionees was overbroad and irrelevant.

Here, the court finds plaintiff's position more compelling. Defendant's search for documents related to other persons' stock option awards is irrelevant to the assessment of plaintiff's claims. Such agreements with third parties, as noted, are already known to

1  defendant. Further, the court's earlier determination that agreements with third parties
2  are irrelevant to the instant dispute weighed in favor of defendant, and it would be unfair
3  to rule to the contrary on the other side. Plaintiff's objections are sustained.

### 2. Expansion of plaintiff's keyword search term list

Defendant seeks production of relevant email communications from plaintiff's private email account. Plaintiff used a range of terms to search for relevant materials in his email inbox, but defendant avers that the list of keywords should be expanded to capture additional communications. Plaintiff objects to defendant's demand on relevance and overbreadth. Further, defendant has already obtained the information on related stock option compensation agreements from plaintiff's former employers and companies where he provided similar services.

Here, plaintiff is in the best position to determine the appropriate scope of the search to respond to defendant's discovery requests. As the Sedona Principles recognize, "Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, Principle 6, 118 (2018). Defendant's insistence on compelling plaintiff to search for and review all documents that solely mention broad generic terms (e.g., "Options," "Advisor," "Shares," and "Equity") over a seven-year period, without any reference to defendant or the Advisor Agreement, is an improper fishing expedition, not proportional to the needs of the case. Therefore, plaintiff's objections are sustained.

### 3. Imaging of plaintiff's device and counsel review

Plaintiff searched his own email accounts, text messages, and files for information responsive to defendants' discovery requests. Defendant avers that self-collection is insufficient, that plaintiff's counsel must instead conduct their own search of plaintiff's materials to ensure that all responsive materials are produced. In response to defendant's earlier challenges regarding self-collection, plaintiff has now retained a third-

party to collect his emails and run relevant searches, and all relevant materials have been turned over to defendant. Defendant does not trust the completeness of this search, and it calls for further imaging of plaintiff's devices to uncover any additional communications.

Here, defendant's concern about the deficiencies in plaintiff's self-collection appear well-founded given that his own review failed to recover several responsive documents that were produced later. Plaintiff has remedied the situation, however, by retaining a third-party vendor to image his emails and text messages. Defendant complains that the third-party imaging vender has only been a recent development following months of meet-and-confer efforts to remedy the deficient production, but both sides acknowledge that plaintiff is now taking steps to remedy previous shortcomings. There is no further action for the court to compel on this issue.

**4.     Amendment of plaintiff's responses to Katapult's interrogatories**

The parties agreed that two of defendant's RFPs would be revised as interrogatories, and the responses to those interrogatories would be provided via amended responses at a later date. The responses have still not been provided to defendant. In the course of preparing this letter brief, plaintiff's counsel committed to providing the amended responses by October 7. Defense counsel continues to demand the amended responses and avers that a court order is necessary to ensure compliance with the October 7 deadline.

Here, plaintiff is taking steps to remedy the outstanding discovery requests. There is no dispute to resolve. Given the representations of plaintiff's counsel, and counsel's reasonable, self-imposed deadline of October 7, there is no need for the court to compel any action. The court trusts plaintiff to timely comply with his discovery commitments.

**5.     Production of additional responsive documents to Katapult's RFPs**

Plaintiff initially produced documents responsive to defendant's RFPs on July 8, 2022, and plaintiff supplemented those responses with further production on September 22, 2022. Plaintiff acknowledges that there are more text messages to produce following

the third-party vendor's collection and counsel's review. As with the outstanding interrogatory responses, defendant requests that the court order production by a date certain, preferably October 7, 2022.

Here, as above, there is no dispute to resolve. Plaintiff is taking steps to remedy the outstanding document production. The supplemental document production is related to the very deficiencies complained of elsewhere (see "imaging of plaintiff's devices and counsel's review," above). It appears that an October 7 deadline would be both timely and reasonable for supplemental production, but the court need not compel production where plaintiff has shown no reluctance to do so. As above, the court trusts plaintiff to timely comply with his discovery commitments without court intervention.

**6. Katapult's temporal limitations on responses to plaintiff's RFPs Nos. 3, 4, 5, and 6**

In response to plaintiff's RFPs 3-6, defendant only searched for and produced responsive documents through September 1, 2017, based on the date that it alleges that the Advisor Agreement was terminated (July 31, 2017). Plaintiff argues that the Advisor Agreement was never terminated and that it is therefore inappropriate to impose a temporal limit. Responding to plaintiff's argument, defendant agreed to expand the temporal search from November 1, 2014, to present. However, defendant did not agree to expand the temporal limitation for all custodians, it says, and the searches have been appropriately expanded for only some custodians. For instance, the date range for the custodial files of Derek Medlin, current COO of Katapult, has been expanded all the way up to the date of filing of this litigation.

Here, defendant is in the best position to determine the appropriate scope of the search to respond to the opposing side's discovery requests. See The Sedona Principles, 19 Sedona Conf. J. 1, Principle 6, 118. Defendant has already conducted a thorough search of several email accounts, one that specifically pulls out documents responsive to plaintiff's RFPs. Plaintiff's insistence on compelling defendant to search for and review all documents from an expanded period, where plaintiff makes no

5

representation that he had any contact with the company about his stock options between 2017 and 2020 (see FAC ¶¶ 16-17), is an improper fishing expedition, not proportional to the needs of the case. Therefore, defendant's objection is sustained on the same basis as plaintiff's objection was sustained above.

### 7. Katapult's targeted email list

In defendant's search for documents responsive to plaintiff's requests for production, it limited the parameters for document searches to communications that included certain specific individuals on a "targeted email list." Plaintiff avers that the parameters are overly restrictive, and he seeks to add to the targeted email list four individuals whose communications may inform the quantum meruit claim.

Defendant counters that counsel's process for search and review of relevant documents was sufficiently thorough. Defendant's targeted email list did not exclude any email addresses, and defendant's production in fact included dozens of communications from each of the four persons plaintiff identifies for inclusion. Defendant explains that it "reasonably determined that only the emails from these individuals that also involve individuals on the targeted email list that may be responsive, whereas emails form these individuals that do not include any other person on the list are false hits and searching them would not be reasonable or proportional to the needs of the case." Dkt. 69 at 4.

Here, defendant makes clear that relevant communications from the same four persons plaintiff identifies have been included in the documents produced. Though plaintiff avers that expanding the targeted email list to include these four individuals is a "modest modification" to the search terms, the introduction of thousands more documents for further review reaches beyond modesty. Such an expansion of the search is not reasonable or proportional to the needs of the case. Defendant's objection is sustained.

### 8. Katapult's custodians

Plaintiff complains that Katapult identifies only five custodians whose email accounts were searched for responsive documents, and plaintiff contends that this list must be expanded. Two of the custodians are former employees who left the company in

2018, and search of their accounts thus unfairly limits the communications by time, as discussed above. Plaintiff argues that the search must be expanded to include the email accounts of several current executives.

Defendant counters that it has identified and searched the files of six custodians. It says that plaintiff's guesswork regarding who else in the company may have discussed him or his options is not reasonable or proportional to the needs of this case.

Here, as noted elsewhere, responding parties are in the best position to evaluate the procedures appropriate for preserving and producing their own electronically stored information. The Sedona Principles, 19 Sedona Conf. J. 1, Principle 6, 118. Expanding the search by including additional custodians is not reasonable or proportional to the needs of the case. Defendant's objection is sustained.

## CONCLUSION

For the foregoing reasons, the court SUSTAINS both sides' respective objections as stated above. The court trusts plaintiff will timely meet his remaining discovery obligations without court intervention.

**IT IS SO ORDERED.**

Dated: September 29, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge